**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RAYMOND SMITH and LESSIE RIGGS-SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>ACCREDITED HOME LENDERS, INC., *et al.*,<br><br>Defendants. | Case No. 2:16-cv-00869-APG-CWH<br><br>**ORDER REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiffs Raymond Smith and Lessie Riggs-Smith filed a motion for a temporary restraining order seeking to stop a sale of their property. They state in their motion that their home will be sold "within the next week" but do not provide a date for the alleged sale. ECF No. 2 at 2.

Judicially-noticeable documents recorded with the Clark County Recorder's Office suggest that the property (1331 Ebbetts Pass, Las Vegas, Nevada, 89110) was sold 15 months ago, on January 12, 2015, and that the plaintiffs no longer own this property.[1] The plaintiffs do not explain why they have not challenged that sale in the past 15 months or, if they have, the result of that challenge. The plaintiffs also have not explained why the current owner of the property should not be allowed to sell it. The plaintiffs challenge a purported upcoming foreclosure sale, but according to the records on file with the Clark County Recorder's Office, that foreclosure happened long ago.

Based on the above, there does not appear to be an emergency justifying a hearing on the plaintiffs' motion for a temporary restraining order. *See* Local Rule 7-5(d)(3). Nor have plaintiffs

---

[1] I may take judicial notice of "matters of public record" but I may not take judicial notice of disputed facts stated in public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quotation omitted). The Clark County Assessor's Office records also reflect that the plaintiffs are not the current owners of the property.

met their burden of demonstrating why a preliminary injunction is justified. If the plaintiffs want to supplement their motion to address these issues, they may do so within 10 days of the date of this order. Any supplement must (1) identify when the alleged sale is going to take place, who is conducting the sale, and whether it is a foreclosure sale or some other type of sale; (2) explain what efforts, if any, the plaintiffs have taken to challenge the January 12, 2015 foreclosure sale and the results of that challenge; (3) explain why any sale would be improper when the plaintiffs apparently do not presently own the property and have not owned it for 15 months; and (4) explain what efforts the plaintiffs have taken to notify the defendants of the complaint and the motion for temporary restraining order and preliminary injunction. *See* Local Rule 7-5(d).

IT IS THEREFORE ORDERED that the plaintiffs may supplement their motion within 10 days of the date of this order as set forth above.

IT IS FURTHER ORDERED that if the plaintiffs do not supplement their motion for a temporary restraining order and preliminary injunction within 10 days, the motion will be denied.

DATED this 18th day of April, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE