UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND SMITH and LESSIE-RIGGS SMITH,<br><br>Plaintiffs,<br>v.<br>ACCREDITED HOME LENDERS, INC. and HOUSEHOLD FINANCE REALTY CORPORATION OF NEVADA; JP MORGAN CHASE BANK, NA (INDENTURE TRUSTEE) AS TRUSTEE FOR SECURITIZED TRUST HSBC HOME EQUITY LOAN TRUST (USA) 2006-1; HSBC FINANCE CORPORATION; HSBC HOME EQUITY CORPORATION I; HSBC FINANCE CORPORATION; US BANK TRUST NA AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, AKA "MERS" AND DOES 1 THROUGH 100, INCLUSIVE.<br><br>Defendants. | Case No. 2:16-cv-00869-MMD-CWH<br><br>ORDER<br><br>(Defs.' Motions to Dismiss — ECF No. 22.) |

**I.     SUMMARY**

Before the Court is Defendants Household Finance Realty Corporation of Nevada, HSBC Finance Corporation, HSBC Home Equity Loan Corporation I, and Mortgage Electronic Registration System, AKA "MERS"' (collectively "Defendants") Motion to Dismiss Plaintiffs' Amended Complaint ("Motion"). (ECF No. 22.) The Court has reviewed Plaintiffs' response (ECF No. 33) and Defendants' reply (ECF No. 34.) For the reasons set forth below, Defendants' Motion is granted and the case is dismissed with prejudice.

## II. BACKGROUND

Plaintiffs Raymond Smith and Lessie Riggs-Smith filed an Amended Complaint asserting ten claims all based on the 2015 foreclosure of real property located at 1331 Ebbetts Pass in Las Vegas. (ECF No. 13 ¶ 3.) The claims include wrongful foreclosure, fraud, intentional infliction of emotional distress, slander of title, quiet title, and violations of federal statutes. (*Id.* ¶¶ 56-152.)

Though Plaintiffs do not mention it in their Amended Complaint (nor in their response to Defendants' Motion), Plaintiff Raymond Smith ("Smith") filed a very similar complaint, concerning the same property, in the Eighth Judicial District Court in Clark County on May 15, 2015. ("Original Complaint", ECF No. 22-1.)[1] The Original Complaint also alleged fraud and intentional infliction of emotion distress, as well as several other claims and requests for injunctive relief amounting to quiet title. (*Id.*) That case was removed to federal district court where, after the parties fully briefed a motion to dismiss, Judge Dawson dismissed all of Smith's claims, denied leave to amend, and directed the Clerk to enter judgment against Smith. *See Smith v. Accredited Home Lenders, et al.*, 2:15-cv-01130-KJD-VCF (D. Nev. Mar. 15, 2016) (order granting defendants' motion to dismiss). Plaintiffs did not move for reconsideration or appeal Judge Dawson's order.

Defendants now move to dismiss Plaintiffs' Amended Complaint based on the principle of res judicata.

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th

---

[1] The Court takes judicial notice of Smith's Original Complaint and the subsequent judicial determinations in that case.

Cir. 2003). When considering a motion to dismiss, however, "a court may take judicial notice of 'matters of public record.'" *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). The Court may also consider proceedings in other courts that "have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Accordingly, the Court may consider "matters of the public record" in issuing this motion to dismiss without converting a Rule 12(b)(6) motion to one for summary judgment. *Lee*, 250 F.3d at 688-89; *see, e.g.*, *Heisen v. Pac. Coast Bldg. Products, Inc.*, 26 F.3d 130 (9th Cir. 1994).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency. However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Moreover, *pro se* litigants are bound by the same rules of procedure as other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IV. DISCUSSION**

Defendants argue that each of Plaintiffs' claims were either actually brought or could have been brought in Plaintiffs' Original Complaint, and are therefore barred by the doctrine of res judicata. (ECF No. 22 at 5-6.) Plaintiffs' response does not address this argument. (ECF No. 33.)

"Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 327 (9th Cir.1995). "Res judicata [claim preclusion] bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties in the same cause of action." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1319 (9th Cir. 1992). Under "the Full Faith and Credit Act, federal courts must give state judicial proceedings 'the

1 same full faith and credit ... as they have by law or usage in the courts of [the] State ... from which they are taken.'" *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (quoting 28 U.S.C. § 1738) (other citations omitted)). The "Act requires federal courts to apply the res judicata rules of a particular state to judgments issued by courts of that state." *Id.*

In Nevada, there are three elements that must be shown to assert claim preclusion: "the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) *holding modified by Weddell v. Sharp*, 350 P.3d 80 (Nev. 2015) (modifying only the privity requirement for nonmutual claim preclusion). Claim preclusion doctrine is designed to prevent parties from filing another suit based on the "same set of facts" that were present in a prior suit. *Id.* at 712.

Defendants have shown that all three claim preclusion requirements are met. First, the two suits involve almost exactly the same parties. The only difference is the addition of Lessie Riggs-Smith as a plaintiff and the addition of a few additional financial corporations as named defendants (the Original Complaint also included "Does 1-100"). Second, the order dismissing Smith's Original Complaint was a final judgment on the merits. "[A] final, appealable judgment is one that disposes of the issues presented in the case and leaves nothing for the future consideration of the court." *Benchmark Ins. Co. v. Sparks,* 254 P.3d 617, 620 (Nev. 2011). Third, Plaintiffs' claims are based on the same claims that were, or could have been brought, in the Original Complaint. Plaintiffs pled substantially the same set of facts in both the Original Complaint and the current Second Amended Complaint. (*Compare* ECF No. 22-1 *with* ECF No. 13.)

Accordingly, the Court finds that claim preclusion bars Plaintiffs' claims and will grant Defendants' Motion to Dismiss.

///

///

## V. CONCLUSION

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 22) is granted. Plaintiffs' Second Amended Complaint (ECF No. 13) is dismissed with prejudice.

The Clerk of the Court is directed to enter judgment in favor of Defendants in accordance with this Order and close this case.

DATED THIS 17th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE